UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDHI MUHAMMAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-457 (ESH) |
| ) | |
| U. S CUSTOMS AND BORDER ) | |
| PROTECTION ) | |
| ) | |
| Defendant. ) | |
| / | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Edhi Muhammad, seeks an order, pursuant to F. R. Civ. P. 56, denying defendant's Motion For Summary Judgment on the grounds that there are genuine issues of material fact and the defendant is not entitled to a judgment as a matter of law.

In support of this opposition, plaintiff respectfully submits the attached statement of material facts as to which there is a genuine dispute; a memorandum of points and authorities with exhibits; a declaration by Peter S. Herrick; and, a proposed order.

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347

1

        Email: pherrick@bellsouth.net
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U. S. Mail to Michelle N. Johnson, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Washington DC 20001 on May 9, 2008.


        _____/s/_____
        Peter S. Herrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDHI MUHAMMAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-457 (ESH) |
| ) | |
| U. S CUSTOMS AND BORDER ) | |
| PROTECTION ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Edhi Muhammad ["Muhammad"], by and through his undersigned attorney, submits his Memorandum Of Points And Authorities In Opposition To Defendant's Motion For Summary Judgment, and, states the following:

**I.   FACTUAL BACKGROUND**

The defendant, U. S. Customs and Border Protection ["Customs"], seized $58,738.80 from Muhammad's bank account on October 11, 2008. Herrick Dec. ¶ 3. Customs alleged violations of 18 U.S.C. §981 and 31 U.S.C. §§5317 and 5324. Herrick Dec ¶ 4. Muhammad needed the records Customs was relying upon to seize the bank account in order to prepare a petition pursuant to 19 U.S.C. §1618 to recover the money. Herrick Dec ¶ 5.

A Freedom of Information Act, 5 U.S.C. §552, *et seq.*, request was submitted to the Customs' Atlanta office for these records. This request was made to the Customs field office in accordance with 19 C.F.R. §103.5(d)(2). Herrick Dec ¶ 6. This request was forwarded

1

to Customs Headquarters pursuant to a new FOIA policy. Herrick Dec ¶ 7.

Customs provided some records in a letter response of January 25, 2008 but this response did not include Muhammad's withdrawal of his claim nor the ICE records. Herrick Dec ¶ 9. Undersigned counsel filed a petition with Customs for the return of the seized bank account on January 29, 2008. Herrick Dec ¶ 10. From the FOIA response undersigned counsel learned for the first time that Muhammad had filed a claim for the seized bank account pursuant to 18 U.S.C. §983(a)(2)(A). Herrick Dec ¶ 14. Because this claim had been pending and could decide the case undersigned counsel withdrew the petition on February 4, 2008. Herrick Dec ¶ 15. Undersigned counsel made a demand on Customs on February 19, 2008 to return the bank account based on 18 U.S.C. §983(a)(3)(B). Herrick Dec ¶ 16. Thereafter, undersigned counsel was advised by the Customs' Associate Chief Counsel that Muhammad had withdrawn his claim and provided 3 pages. Herrick Dec ¶ 18. Since the claim had been withdrawn and the petitioning process was short circuited the issue of the seized bank account is now the subject of a judicial forfeiture proceeding. Herrick Dec ¶ 21. Had the records of the withdrawn claim and ICE documents been included in the January 25, 2008 response, Muhammad could have zealously pursued his administrative petition. Herrick Dec ¶¶ 21 & 22.

## II. SUMMARY JUDGMENT IS NOT WARRANTED IN DEFENDANT'S FAVOR

Plaintiff has no argument with defendant's application of the FOIA exemptions nor with its claim as to reasonable segregability. However, plaintiff has a strong disagreement with the adequacy of the defendant's search and other issues.

A.  **The Defendant Did Not Conduct A Proper Search For Records.**

"To win summary judgment on the adequacy of a search, the agency must demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.' Truitt, 897 F.2d at 542 (quoting Weisberg v. United States Dep't of Justice, 227 U.S. App. D.C. 253, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (Weisberg II)). The agency must make 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested,' Oglesby v. United States Dep't of Army, 287 U.S. App. D.C. 126, 920 F.2d 57, 68 (D.C. Cir. 1990) (citing Weisberg III, 745 F.2d at 1485; Weisberg II, 705 F.2d at 1351), and it 'cannot limit its search to only one record system if there are others that are likely to turn up the information requested.' Id. To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate. Id. The affidavits must be 'reasonably detailed …, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.' Id. Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment. Weisberg v. United States Dep't of Justice, 200 U.S. App. D.C. 312, 627 F.2d 365, 370 (D.C. Cir. 1980) (Weisberg I) (affidavit asserting that agency official 'has conducted a review of [agency] files which would contain [responsive] information,' without describing approach to search or identifying files searched, is insufficiently detailed to permit summary judgment)." Nation Magazine v. United States Customs Service, 71 F. 3d 885, 890 (D.C. Cir. 1995).

The Suzuki affidavit stating that the failure to produce the 2 or 3 pages of critical information was "an administrative/oversight error" is conclusory. For example, since Customs had centralized FOIA requests at its Headquarters, why wasn't the entire F.P. & F. file sent to the central office. This failure was gross negligence not an oversight. As in *Nation Magazine* this Court should order Customs to produce a reasonably, detailed nonconclusory affidavit from the person reviewing the files why the critically important 2 or 3 pages were not disclosed.

### B. The Withholding Of Critically Important Records Was Improper

Now that we have the 2 or 3 pages that were improperly withheld and the ICE response received on May 7th, the plaintiff now knows the complete story as to why its bank account was seized. We now know that the petition should not have been withdrawn because the claim was no longer pending. Had the petitioning process continued, Muhammad could have explained his actions to Customs and why the banking transactions did not amount to structuring.

However, since this information was not timely provided and the petitioning process was short circuited by the defendant, we must now engage in a time consuming and expensive process of seeking the refund of the seized bank account in the judicial forfeiture litigation.

Customs' March 4th response should have included the ICE documents with acceptable redactions. Customs relied on the ICE documents to promulgate the seizure notice. Certainly Customs had the authority to disclose the ICE documents.

### C. Sanctions

Mohammad is of the opinion that the withholding of the 2 or 3 critical pages and the ICE documents was arbitrary and capricious and not in accordance with the law. We request the Court to make findings of improper actions by responsible Customs officers or employees as provided by 5 U.S.C. §552(a)(4)(F) and 19 C.F.R. §103.9(c).

We also request the Court to make a finding that consolidating FOIA requests at Customs' Headquarters when the documents are located at a Customs field office is contrary

to 19 C.F.R. §103.5(d)(2) and is a violation of the notice and comment procedures required by the Administrative Procedures Act.

WHEREFORE, Muhammad respectfully requests the Court to deny the defendant's motion for summary judgment and to make findings and take other actions as suggested *supra*

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U. S. Mail to Michelle N. Johnson, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Washington DC 20001 on May 9, 2008.

/s/
Peter S. Herrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDHI MUHAMMAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-457 (ESH) |
| ) | |
| U. S CUSTOMS AND BORDER ) | |
| PROTECTION ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS A GENUINE ISSUE**

Pursuant to LCvR 56.1 and 7(h), plaintiff, Edhi Muhammad ["Muhammad"], respectfully submits this statement of material facts as to which there is a genuine issue in support of his opposition to defendant's Motion for Summary Judgment.

1. The defendant's, U. S. Customs and Border Protection ["Customs"] data base contained more than 18 pages responsive to Muhammad's FOIA request. Besides these 18 pages there were 2 pages that were later released and 12 pages of ICE documents. Herrick Dec ¶¶ 18 & 23.

2. Muhammad's counsel did not receive the pages wherein Muhammad withdrew his claim until they were provided by the Customs' Associate Chief Counsel. Herrick Dec ¶ 18.

3. Muhammad's counsel did not receive the ICE documents until they were emailed by defendant's counsel on May 7, 2008. Herrick Dec ¶ 24.

1

4. The failure to provide the 2 additional pages was not "an administrative oversight/error" but gross negligence.

5. Customs had ample authority to release the ICE documents and they should have been released with the January 25, 2008 response. Herrick Dec ¶ 25.

6. Customs lacked regulatory authority to centralize FOIA requests for documents held at a field office at its Headquarters. Herrick Dec ¶ 6.

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar #137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular U. S. Mail to Michelle N. Johnson, Esq., Assistant U. S. Attorney, attorney for defendant, 555 4th Street NW, Washington DC 20001 on May 9, 2008.

/s/
Peter S. Herrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDHI MUHAMMAD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-457 (ESH) |
| | ) | |
| U. S CUSTOMS AND BORDER PROTECTION | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF PETER S. HERRICK

I, PETER S. HERRICK, make the following declaration.

1. The plaintiff, Edhi Muhammad ["Muhammad"], is being represented in this cause of action by the law firm, Peter S. Herrick, P.A.

2. I am the principal attorney in this law firm and am the one person most familiar with this Freedom of Information Act litigation.

3. Muhammad received a seizure notice from the U. S. Customs and Border Protection ["Customs"] dated October 16, 2007 advising him that Customs had seized $58,738.80 from his United Commercial Bank account number 167585 on October 11, 2007.

4. This seizure notice stated the bank account was seized and was subject to forfeiture under the provisions of Title 18, United States Code, Section 981(a)(1)(A) and Title 31, United States Code, Section 5317 because it constitutes property involved in, or

traceable to the structuring of cash deposits in violation of 31 United States Code Section 5324.

5. In order to file an administrative petition pursuant to 19 U.S.C. §1618 our law firm needed the records Customs was relying upon to make the allegations leading to the seizure.

6. On November 29, 2007 the law firm of Peter S. Herrick, P.A. submitted a request for records pursuant to 5 U.S.C. §552 *et seq* ["FOIA"] to the Customs Port Director in Atlanta, Georgia as provided for at 19 C.F.R. §103.5(d)(2).

7. By letter dated December 5, 2007 the Customs' F.P.& F. Office in Atlanta advised my law firm that our FOIA request was being referred to Customs' Headquarters in Washington, D.C. pursuant to current policy.

8. Apparently Customs centralized FOIA requests beginning October 1, 2007 according to their FOIA website. However, this change to section 103.5(d)(2) is illegal without a notice and comment period. Furthermore, this new policy for making a request was first posted on March 7, 2008. Undersigned performed this web search on May 6, 2008.

9. Customs provided some records in a letter dated January 25, 2008. However, Muhammad's withdrawal of his claim and the ICE records were not included.

10. Our law firm had to decide the best strategy to recover the seized bank account. The Customs' Election of Proceedings form, *inter alia*, provides for filing an administrative petition or a claim. We decided to file a petition on January 29, 2008 with the Customs' F.P.& F. Atlanta office.

11. The law firm filed a FOIA appeal with Customs on February 4, 2008. The Customs's seizure notice alleged structuring violations. This appeal was directed to the failure of Customs to provide any records supporting these allegations.

12. In a letter dated March 4, 2008 Customs denied the appeal.

13. Our law firm has never received any correspondence from Immigration and Customs Enforcement regarding Muhammad's FOIA request.

14. In reviewing the FOIA response we discovered for the first time that the plaintiff had submitted a claim to Customs on November 15, 2007 for the return of his seized bank account pursuant to 18 U.S.C. §983(a)(2)(A).

15. Because this claim had been submitted to Customs we advised Customs in a letter of February 4, 2008 that we were withdrawing the previously filed petition.

16. Pursuant to 18 U.S.C. §983(a)(3)(B) the government must file a forfeiture complaint within 90 days of receiving a claim or return the money. Therefore, our law firm made a demand on Customs in a letter of February 19, 2008 for the immediate return of the seized bank account and for the payment of attorney fees for failing to file a forfeiture complaint.

17. In a letter of February 22, 2008 the Customs' F.P. & F. office in Atlanta advised us the case was being forwarded to their Associate Chief Counsel to initiate judicial forfeiture proceedings.

18. In an email to my law firm of March 5, 2008 the Customs' Associate Chief Counsel advised us that Muhammad had withdrawn his claim on November 19, 2007.

19. In a letter of March 6, 2008 to the Customs' FOIA appeals office our law firm demanded to know why Customs had not provided us with the records wherein Muhammad had withdrawn his claim.

20. The Suzuki declaration ¶ 14 claims the failure to provide us with these documents was "an administrative oversight/error." We disagree. As a minimum this was gross negligence. Pursuant to 5 U.S.C. §552(a)(4)(F) and 19 C.F.R. §103.9(c) we intend to request the Court to make a finding that the Customs officer or employee who was primarily responsible for withholding these documents may have acted arbitrarily or capriciously.

21. Because of the gross negligence by Customs in not releasing these documents the administrative proceeding for relief provided by 19 U.S.C. §1618 was short circuited as we would not have withdrawn the petition if we had know the claim had been withdrawn. As a result the government has now filed a forfeiture complaint against the bank account. <u>United States of America v. $58,738.00 Seized From United Commercial Bank Account X-7585</u>, Civil Action 08-1245, U. S. District Court for the Northern District of Georgia.

22. Evidence of the alleged structured transactions that we requested and never received are now fully set forth in the complaint and are attached hereto as Exhibit A.

23. The Suzuki declaration at ¶ 12 states 12 pages of documents were referred to ICE and that ICE furnished a response to plaintiff which was not appealed.

24. I left a voice mail request for the ICE response with defendant's counsel on May 6, 2008. On May 7, 2008 defendant's counsel emailed me the ICE response dated

4

March 20, 2008. This letter was never received in my Miami office. The ICE letter shows it was addressed to my Long Beach, California address even though our FOIA request clearly requests mailings to be sent to my Miami office. Nevertheless, on May 7, 2008 I telephone my staff person at my Long Beach office and faxed her a copy of the March 20th letter and she had no recollection of receiving the letter at that office.

25. The Suzuki declaration at ¶ 12 refers to attachment G. In attachment G Suzuki claims she had to refer the 12 pages to ICE pursuant to 6 C.F.R. §5.4(c). We disagree. The seizure notice and accompanying documents, while stating the ICE seized the bank account, directed all correspondence was to be sent to Customs. The response from ICE could just as easily been disclosed as a matter of "administrative discretion."

I declare under penalty of perjury, that the matters and facts set forth in this Declaration and Exhibit A are based on my personal knowledge, information, and belief, are correct and true.

Executed this 9th day of May, 2008.

/s/
Peter S. Herrick

# EXHIBIT A

7.

The bank records reflect that between September 26, 2006 and January 24, 2007, ALPINE EXCHANGE INC. made 97 cash deposits to United Commercial Bank account x-7585 totaling over $820,000, though each individual cash deposit totaled less than $10,000.

8.

On numerous occasions, ALPINE EXCHANGE INC., made multiple cash deposits on the same day, with each individual deposit amounting to less than $10,000, but which in the aggregate exceeded $10,000.

9.

The following table demonstrates account activity for United Commercial Bank account number x-7585, held in the name of ALPINE EXCHANGE INC. Multiple transactions on the same day from are in bold:

| Counter | Transaction Date | Cash Deposit |
|---|---|---|
| 1 | 9/25/2006 | $8,257.00 |
| 2 | 9/25/2006 | $7,983.00 |
| 3 | 9/26/2006 | $7,225.00 |
| 4 | 9/27/2006 | $8,800.00 |
| 5 | 9/28/2006 | $7,938.00 |
| 6 | 9/29/2006 | $8,261.00 |
| 7 | 10/2/2006 | $9,156.00 |
| 8 | 10/3/2006 | $7,645.00 |
| 9 | 10/4/2006 | $8,687.00 |
| 10 | 10/5/2006 | $8,046.00 |
| 11 | 10/6/2006 | $8,846.00 |
| **12** | **10/10/2006** | **$8,760.00** |

| 13 | 10/10/2006 | $9,351.00 |
| 14 | 10/11/2006 | $7,912.00 |
| 15 | 10/12/2006 | $8,820.00 |
| 16 | 10/13/2006 | $8,064.00 |
| 17 | 10/16/2006 | $7,760.00 |
| 18 | 10/16/2006 | $8,375.00 |
| 19 | 10/17/2006 | $7,765.00 |
| 20 | 10/18/2006 | $8,411.00 |
| 21 | 10/19/2006 | $8,482.00 |
| 22 | 10/20/2006 | $7,914.00 |
| 23 | 10/23/2006 | $7,994.00 |
| 24 | 10/23/2006 | $8,162.00 |
| 25 | 10/24/2006 | $8,940.00 |
| 26 | 10/25/2006 | $8,100.00 |
| 27 | 10/26/2006 | $8,060.00 |
| 28 | 10/27/2006 | $8,810.00 |
| 29 | 10/30/2006 | $7,556.00 |
| 30 | 10/30/2006 | $8,587.00 |
| 31 | 10/31/2006 | $8,828.00 |
| 32 | 11/1/2006 | $8,330.00 |
| 33 | 11/2/2006 | $8,485.00 |
| 34 | 11/3/2006 | $8,160.00 |
| 35 | 11/6/2006 | $7,654.00 |
| 36 | 11/6/2006 | $8,270.00 |
| 37 | 11/7/2006 | $8,927.00 |
| 38 | 11/8/2006 | $9,161.00 |
| 39 | 11/9/2006 | $8,250.00 |
| 40 | 11/10/2006 | $8,905.00 |
| 41 | 11/13/2006 | $9,346.00 |
| 42 | 11/14/2006 | $8,683.00 |
| 43 | 11/15/2006 | $8,581.00 |
| 44 | 11/16/2006 | $9,105.00 |
| 45 | 11/17/2006 | $8,295.00 |
| 46 | 11/20/2006 | $7,910.00 |
| 47 | 11/20/2006 | $8,711.00 |
| 48 | 11/21/2006 | $8,100.00 |
| 49 | 11/22/2006 | $8,660.00 |
| 50 | 11/24/2006 | $9,370.00 |
| 51 | 11/27/2006 | $9,560.00 |

| | | |
|---|---|---|
| 52 | 11/28/2006 | $8,880.00 |
| 53 | 11/29/2006 | $8,280.00 |
| 54 | 11/30/2006 | $8,075.00 |
| 55 | 12/1/2006 | $9,115.00 |
| 56 | 12/4/2006 | $7,920.00 |
| 57 | 12/4/2006 | $8,500.00 |
| 58 | 12/5/2006 | $8,337.00 |
| 59 | 12/6/2006 | $8,940.00 |
| 60 | 12/7/2006 | $8,356.00 |
| 61 | 12/8/2006 | $8,880.00 |
| 62 | 12/11/2006 | $8,120.00 |
| 63 | 12/11/2006 | $8,528.00 |
| 64 | 12/12/2006 | $8,272.00 |
| 65 | 12/13/2006 | $8,951.00 |
| 66 | 12/14/2006 | $8,390.00 |
| 67 | 12/15/2006 | $8,140.00 |
| 68 | 12/18/2006 | $8,375.00 |
| 69 | 12/18/2006 | $8,860.00 |
| 70 | 12/19/2006 | $8,336.00 |
| 71 | 12/20/2006 | $9,049.00 |
| 72 | 12/21/2006 | $8,372.00 |
| 73 | 12/22/2006 | $8,945.00 |
| 74 | 12/26/2006 | $8,408.00 |
| 75 | 12/27/2006 | $8,696.00 |
| 76 | 12/28/2006 | $9,183.00 |
| 77 | 12/29/2006 | $8,505.00 |
| 78 | 1/2/2007 | $8,090.00 |
| 79 | 1/2/2007 | $8,995.00 |
| 80 | 1/3/2007 | $8,490.00 |
| 81 | 1/4/2007 | $8,865.00 |
| 82 | 1/5/2007 | $9,029.00 |
| 83 | 1/8/2007 | $7,945.00 |
| 84 | 1/8/2007 | $8,761.00 |
| 85 | 1/9/2007 | $8,855.00 |
| 86 | 1/10/2007 | $8,600.00 |
| 87 | 1/11/2007 | $9,003.00 |
| 88 | 1/12/2007 | $8,373.00 |
| 89 | 1/16/2007 | $8,175.00 |
| 90 | 1/16/2007 | $9,350.00 |

| 91 | 1/17/2007 | $8,221.00 |
| 92 | 1/18/2007 | $8,600.00 |
| 93 | 1/19/2007 | $8,320.00 |
| 94 | 1/22/2007 | $7,500.00 |
| 95 | 1/22/2007 | $8,833.00 |
| 96 | 1/23/2007 | $7,890.00 |
| 97 | 1/24/2007 | $8,824.00 |
| TOTAL | | $823,090.00 |

10.

ALPINE EXCHANGE, INC., has structured transactions totaling over $820,000 into increments of less than $10,000 to avoid the reporting requirements of 31 U.S.C. § 5313 and its related regulations, in violation of 31 U.S.C. § 5324.

11.

Any and all funds contained in United Commercial Bank account number x-7585 held in the name of ALPINE EXCHANGE INC., are therefore forfeitable pursuant to 31 U.S.C. § 5317(c)(2) for violation of 31 U.S.C. § 5324(a)(3).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDHI MUHAMMAD )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 08-457 (ESH)
 )
U. S CUSTOMS AND BORDER )
PROTECTION )
 )
        Defendant. )
_____/

## ORDER

UPON CONSIDERATION of Plaintiff's Opposition To Defendant's Motion For Summary Judgment, and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED that Defendant's Motion For Summary Judgment is DENIED; and it is further

ORDERED that defendant will provide the Court with a nonconclusory affidavit as to why the entire F.P. & F. file was not reviewed at Customs' Headquarters; explaining why the ICE documents were not released on January 25, 2008 since the formed the basis of issuing the seizure notice; and, an explanation of Customs' legal authority for centralizing Customs' field office documents at Customs' Headquarters.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE