**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EDHI MUHAMMAD,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 08-457 (ESH)** |
| ) | |
| **v.** ) | |
| ) | |
| **U.S. CUSTOMS & BORDER PROTECTION,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, United States Customs & Border Protection ("CBP"), hereby files its reply

brief in further support of its motion for summary judgment.

Plaintiff has made this case a relatively simple one for the Court to resolve in favor of the

defendant. First, plaintiff has conceded the validity of the defendant's claimed exemptions as

well as the fact that all segregable material has been released. See Plaintiff's Opposition to

Defendant's Motion for Summary Judgment ("Pl.'s Opp'n") at 2 ("Plaintiff has no argument

with defendant's application of the FOIA exemptions nor with its claim as to reasonable

segregability."). Second, plaintiff has failed to present any evidence upon which to support his

only argument[1] – i.e., that defendant's search was not adequate because it initially failed to

_____

[1]Plaintiff also appears to raise claims pursuant to the Administrative Procedure Act
("APA"), 5 U.S.C. § 706. See Pl.'s Opp'n at 4-5. However, plaintiff fails to provide any
compelling argument for the relief he seeks, asserting in one-sentence: "We also request the
Court to make a finding that consolidating FOIA requests at Customs' Headquarters when the
documents are located at a Customs field office is contrary to 19 C.F.R. § 103.5(d)(2) and is a
violation of the notice and comment procedures required by the Administrative Procedures Act."
Pl.'s Opp'n at 4-5. This one-sentence argument is insufficient for purposes of presenting this

disclose two pages of responsive documents.  While plaintiff contends that the declaration

defendant has submitted in support of its motion for summary judgment "is conclusory[,]" Pl.'s

Opp'n at 3, this is belied by reference to the declaration and plaintiff has failed to provide this

Court with any basis upon which to challenge the validity of this declaration.  Rather, the

defendant's submitted declaration establishes that the agency has conducted a search that fully

satisfies FOIA's requirements.  Accordingly, summary judgment in favor of the defendant is

warranted.

## ARGUMENT

I.      **Plaintiff Has Conceded the Applicability of the Agency's Claimed Exemptions and
        the Fact that All Reasonably Segregable Material Has Been Released.**

        In its motion for summary judgment, defendant contended that any withheld material was

properly withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(E), and that all reasonably

segregable material had been released.  See Defendant's Memorandum of Law in Support of its

Motion for Summary Judgment ("Def.'s Mem.") at 10-17.  In response, plaintiff states that he

"has no argument with defendant's application of the FOIA exemptions nor with its claim as to

---

issue for the Court's resolution.  See, e.g., United States v. Brodie, No. Civ.A. 05-3131, 2008
WL 1945988, at *14 (D.C. Cir. May 6, 2008) ("Because Brodie makes only conclusory
assertions regarding these arguments, we consider these claims abandoned on appeal.") (citing
United States v. Hall, 370 F.3d 1204, 1209 n. 4 (D.C. Cir. 2004) ("[O]ne sentence,
unaccompanied by argument or any citation to authority, does not preserve the issue for
decision.") (footnote omitted)).  In addition to his failure to provide any substantive support for
this argument, this argument is not properly before the Court because plaintiff has not alleged
any APA claims in his complaint.  Rather, the Court's jurisdiction in this case is based upon the
Freedom of Information Act.  See Complaint ("Compl.") ¶ 1 ("This is an action brought by the
plaintiff . . . under the Freedom of Information Act . . . 5 U.S.C. § 552 and the Privacy Act, 5
U.S.C. § 552a . . . to enjoin defendant . . . from withholding from public disclosure certain
records of Customs within their possession and control."); ¶ 2 ("This Court has jurisdiction over
this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(1).").  Thus, there is no
basis upon which this Court can entertain plaintiff's APA challenge at this juncture.

reasonable segregability." Pl.'s Opp'n at 2. Because plaintiff has failed to contest the

applicability of the agency's claimed exemptions, or its claim that all reasonably segregable

material has been released, the Court may deem the defendant's arguments on these points as

conceded. See, e.g., Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.

2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an

opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a

court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v.

Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel

No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003);

Bancoult v. McNamara, 227 F. Supp. 2d 144, 149 (D.D.C. 2002). Accordingly, summary

judgment should be granted in defendant's favor concerning its claimed exemptions and its

argument that all reasonably segregable material has been released.

## II.     The Agency Has Satisfied its Burden of Demonstrating that an Adequate Search was Performed.

In one page of argument, which is mostly comprised of a block quote from several cases

concerning the proper standard of review in FOIA cases, plaintiff contends that the agency has

failed to establish that it conducted a proper search for records. Pl.'s Opp'n at 3. According to

plaintiff, the declaration of Shari Suzuki, Chief, FOIA Appeals, Policy and Litigation Branch

("FAPL Branch"), United States Customs and Border Protection, is "conclusory" in its

explanation that 2 or 3 pages of responsive material were not initially produced. Id.[2] Plaintiff

---

[2]As explained in Ms. Suzuki's declaration it was determined that there were two pages that had not been in the file forwarded by the Fines, Penalties and Forfeiture ("FP&F") Office to the FOIA Division, which provided the response to plaintiff's FOIA request. Suzuki Decl. ¶ 14.

ponders "since Customs had centralized FOIA requests at its Headquarters, why wasn't the entire [Fines, Penalties & Forfeiture] file sent to the cental office[?]" Id. Plaintiff contends that the agency's failure to initially disclose these pages was "gross negligence and not an oversight[,]" and contends that the Court should, as in Nation Magazine v. United States Customs Service, 71 F.3d 885, 890 (D.C. Cir. 1995), "order Customs to produce a reasonably detailed, nonconclusory affidavit from the person reviewing the files why the critically important 2 or 3 pages were not disclosed." Pl.'s Opp'n at 3. Plaintiff's contentions are wholly without merit.[3]

First, it is well-settled that a FOIA search is not required to be a perfect search, but rather, the agency must only conduct a "reasonable" search for documents responsive to a request. Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). Significantly, the search standards under the FOIA do not require an agency to prove that all responsive documents have been located. Nation Magazine, 71 F.3d at 892 n.7 (citation omitted). Instead, "the search need only be reasonable; it does not have to be exhaustive." Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing Shaw v. Dep't of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)). In sum, an agency can conduct a search that satisfies the prerequisites of the FOIA even though its search failed to locate each and every potentially responsive document. See Trans Union LLC v.

---

[3]The present case is clearly distinguishable from the factual circumstances in Nation Magazine. In Nation Magazine, the agency had failed to explain why its search of files, other than those contained in its reading room, was adequate. 71 F.3d at 891. Furthermore, the agency claimed that a search of the files in its reading room would be "unduly burdensome," a claim that the court of appeals held had not been fully supported by the agency's declaration. Id. at 891-92. In contrast, the Suzuki declaration sets forth the system of records that was searched, SEACATS, which is a system of records that tracks all seizures that take place by Customs, which was the category of information plaintiff sought. Suzuki Decl. ¶ 26. Furthermore, once the agency was alerted that there were two pages of documents that had been provided to plaintiff but were not a part of the agency's FOIA response, the agency conducted a page-by-page review of the contents of the FP&F file, which revealed there were no further responsive documents. Id. ¶ 14.

<u>Federal Trade Comm'n</u>, 141 F. Supp. 2d 62, 68 (D.D.C. 2001) ("[A]n agency's inability to locate

every single responsive [document] does not render an otherwise diligent search unreasonable.")

(citations omitted).

Second, the agency engaged in an adequate search in this case. As explained in the

Suzuki declaration, the agency "engaged in a good faith effort to conduct a search for the

requested information, using methods which were reasonably expected to produce the

information requested." Suzuki Decl. ¶ 16. This included a search of the relevant records system

- SEACATS (Seized Asset and Case Tracking System) – a module of the Treasury Enforcement

Communications System (TECS) and the case file maintained by the FP&F Office in Atlanta.

<u>Id.</u>[4] Once the agency learned that two pages had not been copied from the FP&F case file that

had been forwarded to the FOIA Division the agency conducted a page-by-page comparison of

the original FP&F file and the copy of the file that had been forwarded to the FOIA Division.

<u>Id.</u>; <u>see also</u> <u>id.</u> ¶ 14. After review of the FP&F file, no other responsive documents were

located. <u>Id.</u> However, as stated <u>supra</u>, the failure to identify these two pages initially does not

render the agency's search inadequate. <u>See, e.g.</u>, <u>Iturralde v. Comptroller of the Currency</u>, 315

F.3d 311, 315 (D.C. Cir. 2003) ("[I]t is long settled that the failure of an agency to turn up one

specific document in its search does not render a search inadequate . . . After all, particular

documents may have been accidentally lost or destroyed, or a reasonable and thorough search

may have missed them.") (citations omitted).

---

[4]TECS records are a CBP system of investigatory files, which contain data on violators
and possible violators of laws enforced by CBP. Suzuki Decl. ¶ 16. SEACATS information
pertains to tracking forfeited or seized property, penalties, and liquidated damages from case
initiation to final resolution. <u>Id.</u>

Third, and significantly, plaintiff has done nothing here to shed any doubt on the statements set forth in the Suzuki declaration.  Plaintiff cannot refute the sworn declaration of Shari Suzuki by submitting unsupported and conclusory assertions.  See, e.g., Center for Nat'l Security Studies v. I.N.S., No. Civ.A. 87-2068, 1990 WL 236133, at *5 (D.D.C. Dec. 19, 1990) (granting summary judgment to defendant in FOIA action where plaintiff "fail[ed] to controvert defendant's affidavits and does not raise a material factual dispute sufficient to defeat defendant's motion for summary judgment.").  Notably, plaintiff does not set forth what other systems of records the agency should have, but failed to, search.  Nor does plaintiff explain why Ms. Suzuki's explanation concerning the late-discovered two pages is not credible.  In explaining why these two pages were not initially provided to plaintiff, Ms. Suzuki asserts:

> Regarding the two (2) pages of documents disclosed by ACC [Office of Associate Chief Counsel] to Plaintiff that were not disclosed by the FOIA Division, [the] FAPL Branch contacted the FP&F Office and conducted a page-by-page review of their file documents compared to what was forwarded to [the] FOIA Division.  The two (2) pages of documents at issue in this matter were contained in the FP&F case file but were not copied for the FOIA Division Office.  It appears that because of the relatively short period of time in which plaintiff decided to pursue administrative proceedings in lieu of court proceedings – as attested by the November 19, 2007 letter from Plaintiff and his Election of Proceedings CAFRA FORM AF PUBLISH (CAFRA Notice) – that an administrative oversight/error occurred.  The administrative assistant copying the file and seeing the one CAFRA Notice (dated November 15, 2007) in the file thought that the second copy of the same form was a duplicate, not thinking that an election change had been filed within a 48-hour period, and did not include it with the other documents in the file.  This administrative oversight explains why the two (2) records at issue here were not included in the case file sent to [the] FOIA Division.  In either event, after review of the FP&F file, no other responsive documents were located.

Suzuki Decl. ¶ 16; see also id. ¶ 14 ("The two (2) pages of documents at issue that were contained in the FP&F case file but were not copied for the FOIA division appeared to have been

left out as the result of an administrative oversight/error.").  Once plaintiff alerted the agency to the fact that there were pages he had been provided with that had not been included with the response to his FOIA request, the agency conducted a page-by-page review of the FP&F file with what had been forwarded to the FOIA Division and no further documents were located.  Id. ¶¶ 13-14, 16.  These actions demonstrate the good-faith basis by which the agency conducted its search.  See, e.g., Western Center for Journalism v. I.R.S., 116 F. Supp. 2d 1, 10 (D.D.C. 2000) (holding that the agency conducted a reasonable search and acted in good faith by locating and releasing additional responsive records mistakenly omitted from its initial response because "it is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law-abiding agency is that the agency admit and correct error when error is revealed.") (citation omitted), aff'd, 22 Fed. Appx. 14 (D.C. Cir. 2001).

    In neither his memorandum in opposition nor the declaration of his attorney, Peter S. Herrick, does plaintiff provide the Court with any basis upon which to discredit Ms. Suzuki's explanation for why these two pages of responsive documents were not initially provided to plaintiff.  Rather, Mr. Herrick's declaration states in conclusory terms:

> The Suzuki declaration ¶ 14 claims the failure to provide us with these documents was 'an administrative oversight/error.'  We disagree.  As [sic] a minimum this was gross negligence.

Declaration of Peter S. Herrick ("Herrick Decl.") ¶ 20.  There is no factual support upon which Mr. Herrick is able to contend that Ms. Suzuki's declaration is not credible or that would refute Ms. Suzuki's assertions that the initial failure to provide these documents to plaintiff was truly an administrative oversight/error.  Plaintiff has quite simply failed to shed any doubt on the assertions made in the Suzuki declaration and therefore summary judgment remains warranted in

favor of the defendant.  See, e.g., Krikorian v. Dep't of State, No. Civ.A. 88-3419, 1990 WL

236108, at *6 (D.D.C. Dec. 19, 1990) (noting that despite "awkward position" FOIA requester

may be in without being privy to withheld documents, summary judgment was still warranted

because plaintiff had been "unable to put into question the facial adequacy of the defendant's

affidavits or offer proof of the agency's bad faith."); see also e.g., Public Employees for

Environmental Responsibility v. United States Dep't of the Interior, No. Civ.A. 06-182, 2006

WL 3422484, at *8 (D.D.C. Nov. 28, 2006) (holding that agency had "met its summary judgment

burden by demonstrating that it fully discharged its FOIA obligations by conducting a reasonable

and adequate search for documents, properly invoking applicable FOIA exemptions, and

releasing all reasonably segregable factual materials from responsive documents.").[5]

**III.    Plaintiff is Not Entitled to Any Finding Pursuant to 5 U.S.C. section 552(a)(4)(F).**

Plaintiff claims in his opposition that "the withholding of the 2 or 3 critical pages and the

ICE documents was arbitrary and capricious and not in accordance with the law."  Pl.'s Opp'n at

4.  Plaintiff therefore asks that the Court "make findings of improper actions by responsible

Customs officers or employees as provided by 5 U.S.C. § 552(a)(4)(F) and 19 C.F.R. §

103.9(c)."  Id.

5 U.S.C. section 552(a)(4)(F) provides in pertinent part:

Whenever the court orders the production of any agency records improperly

---

[5]Mr. Herrick's declaration also claims that he did not previously receive a response from the Immigration Customs Enforcement ("ICE") regarding the twelve pages that had been referred to it by CBP.  Herrick Decl. ¶ 24.  However, Mr. Herrick's declaration stops short of asserting that the letter was not received; rather he asserts merely that his staff person at the office where the letter had been directed "had no recollection of receiving the letter at that office."  Id. (emphasis added).  Notably, plaintiff does not assert that he seeks to challenge ICE's response to him.

8

withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.

5 U.S.C. § 552(a)(4)(F)(I).  <u>See also</u> 19 C.F.R. § 103.9(c).[6]

As with his other arguments, plaintiff fails to provide any authority in support of his request for a finding that the agency personnel in this case acted arbitrarily or capriciously.  Nor does plaintiff explain how the requirements of 5 U.S.C. section 552(a)(4)(F) have been met in this case.  That section provides that where records have been withheld <u>and</u> the court assesses attorney fees and litigation costs, the court may also make a written finding that there are issues as to whether agency personnel acted arbitrarily or capriciously.  No such costs have been assessed; nor has plaintiff sought summary judgment on the issue of whether such costs are proper.  Most glaring, however, is the lack of any finding (or argument by plaintiff) that there are

---

[6]19 C.F.R. section 103.9(c) provides:

Proceeding against officer or employee. Under 5 U.S.C. 552(a)(4)(F) the Special Counsel, Merit Systems Protection Board, has authority, upon the issuance of a written finding by a court that the Customs officer or employee who was primarily responsible for withholding a record may have acted arbitrarily or capriciously, to initiate a proceeding to determine whether disciplinary action is warranted against that officer or employee.  The Special Counsel, after investigation and consideration of the evidence submitted, submits its findings and recommendations to the Commissioner of Customs and the Secretary of the Treasury.  The Special Counsel also sends copies of the findings and recommendations to the officer or employee or the representative of that officer or employee.

agency records that are being <u>withheld</u> from plaintiff.  As discussed, <u>supra</u> at 5-6, the two pages that were not initially included with the response to plaintiff's FOIA request have been provided to him.  Furthermore, as plaintiff has conceded that the agency's claimed exemptions were proper, there is no basis upon which to find that any information that was withheld was done so improperly.  Finally, as it concerns the documents that were processed by ICE, plaintiff has failed to exhaust his administrative remedies as he never appealed ICE's response to his FOIA request and thus any challenges to ICE's processing of records is not properly before the Court. <u>Hinojosa v. Department of Treasury</u>, No. Civ.A. 06-0215, 2006 WL 2927095, at *3 (D.D.C. Oct. 11, 2006) (holding that plaintiffs' "failure to avail themselves of the applicable administrative remedies is fatal to their [FOIA] claims in this Court.").  For all of these reasons, plaintiff's request for relief pursuant to 5 U.S.C. section 552(a)(4)(F) should be rejected.

## IV.    <u>Conclusion</u>

For the reasons set forth above, as well as those asserted in defendant's motion for summary judgment, defendant requests that summary judgment be entered in its favor.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney

10

United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

Of Counsel:
Brooks Thomas
Assistant Chief Counsel
Customs & Border Protection
Atlanta, Georgia